IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Lonny Bristow, | NO. C 06-05994 JW |
|         Plaintiff,<br>  v.<br>Editor, San Francisco Examiner,<br>        Defendant.<br>_____/ | **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

## I. INTRODUCTION

Lonny Bristow ("Plaintiff") brings this diversity action against the Editor of the San Francisco Examiner ("Defendant") for breach of contract. Pursuant to 28 U.S.C. § 1915(a), Plaintiff has filed an Application to Proceed in Forma Pauperis based on his declaration of poverty. (Docket Item No. 5.) For the reasons set forth below, the Court GRANTS Plaintiff's application and DISMISSES the complaint for lack of subject matter jurisdiction.

## II. DISCUSSION

**A.**  **Eligibility to Proceed In Forma Pauperis**

Title 28 U.S.C. Section 1915(a)(1) provides that "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." Section 1915 further states that "such affidavit shall state

the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915.

In this case, Plaintiff has declared under the penalty of perjury that he is not presently employed and has no cash or assets of any value. (Docket Item No. 5.) Plaintiff further declares that he does not own a car or a home. (Id.) Based on Plaintiff's declaration of poverty, the Court GRANTS Plaintiff's Application to Proceed in Forma Pauperis.

**B.      Lack of Subject Matter Jurisdiction**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the case at any time if the court determines that it "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); See also Denton v. Hernandez, 504 U.S. 25, 27 (1992). Accordingly, the Court proceeds to examine Plaintiff's tendered Complaint.

Plaintiff alleges diversity jurisdiction. (Complaint at 1, hereafter, "Complaint," Docket Item No. 1.) Under 28 U.S.C. 1331(a)(1), federal courts have jurisdiction over claims between citizens of different states where the amount in controversy exceeds $75,000.

**1.      Diversity of Citizenship**

Plaintiff alleges breach of contract against the editor of San Francisco Examiner. Plaintiff is a prisoner incarcerated at a correctional facility in Ohio. Defendant is the Editor of the San Francisco Examiner, a California newspaper. Although citizenship is not specifically alleged, since Plaintiff is proceeding *pro se*, the Court liberally construes the Complaint to allege Plaintiff is a citizen of Ohio and Defendant a citizen of California.

**2.      Amount in Controversy**

Plaintiff alleges damages resulting from Defendant's alleged failure to publish an ad stating Plaintiff would assist readers to find discounts on airline tickets for a fee. (Complaint ¶ 2.) Plaintiff alleges he paid $65 for the ad. (Id.) Plaintiff further alleges he suffered $75,000 in lost revenue

2

1 from the alleged failure to print the ad. (Id. ¶ 6.) Plaintiff also alleges he suffered $1,000 in mental
2 distress. (Id. at 2.)

3 In a diversity suit, courts look no farther than the pleadings to determine the amount in
4 controversy unless from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff
5 cannot recover the amount claimed. Kelly v. Fleetwood Enterprises, Inc., 377 F.3d 1034, 1037 (9th
6 Cir. 2004) (citations omitted). If it appears to a legal certainty that the claim cannot meet the
7 statutory threshold, the suit should be dismissed for lack of jurisdiction. Id. (internal quotations
8 omitted). Under California law, damages from a breach of contract must be reasonably foreseeable.
9 Archdale v. American Intern. Specialty Lines Ins. Co., 154 Cal. App. 4th 449, 469 (Cal. Ct. App.
10 2007).

11 The Court finds that $75,000 in damages is not a reasonably foreseeable consequence of
12 failing to run an ad for which $65 was received. Therefore, it is apparent to a legal certainty that
13 Plaintiff cannot meet the amount in controversy requirement. The Court DISMISSES Plaintiff's
14 complaint with prejudice.

### III.  CONCLUSION

16 The Court GRANTS Plaintiff's Motion to Proceed In Forma Pauperis. However, the Court
17 DISMISSES Plaintiff's Complaint for lack of subject matter jurisdiction with prejudice. The Court
18 does not consider or rule on whether the Plaintiff may refile in any appropriate state court.
19 The Clerk shall close this file.

21 Dated:  September 21, 2007

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Lonny Briston
Ohio Correctional Facility
P. O. Box 45699
1724 St. Rt. 728
Lacasville, OH 45699

Dated: September 21, 2007                                  Richard W. Wieking, Clerk

                                                           By:_____
                                                               **Elizabeth Garcia**
                                                               **Courtroom Deputy**